**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Health Net of Arizona, Inc., | ) | |
| | ) | CV-13-1433-TUC-DCB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Sylvia Mathews Burwell, Secretary of | ) | **ORDER** |
| Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for hearing and a Report and Recommendation (R&R) on the Plaintiff's Motion for Summary Judgment. Before the Court is the Magistrate Judge's Report and Recommendation on the Plaintiff's Motion for Summary Judgment. The Magistrate Judge recommends, after conducting motion hearing, to the Court that the Motion for Summary Judgment should be denied. The Plaintiff has filed Objections to this R&R.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.  Judicial Review**

The Complaint filed February 19, 2013, reads, as follows: "This is an action for judicial review of the final decision of the Secretary of the Department of Health and Human Services brought pursuant to 42 U.S.C. § 405(g). Health Net seeks review of the Secretary's determination that it is financially responsible to pay for court ordered mental health evaluations on the grounds that Medicare is not liable for payment of

services when the cost of such services are paid for directly or indirectly by another government entity. 42 U.S.C. § 1395y(a)(3); 42 C.F.R. § 411.8." (Complaint at 2.) (Lead ALJ Appeal No. 1-719387785; Lead Docket No. M-11-1371.)

Originally assigned to the United States District Court for the District of Arizona, Phoenix Division, (CV-13-352-PHX-NVW.) Defendant filed an Answer on July 31, 2013 and a scheduling conference was conducted on September 27, 2013.  Concerns were then raised that the proper venue for this action was not Phoenix but Tucson.  On October 21, 2013, this action was transferred to the Tucson Division and on October 23, 2013, the action was referred to the Magistrate Judge for pretrial management and R&R.

On December 6, 2013, Plaintiff filed a Motion for Summary Judgment. On January 28, 2014, Defendant filed a Response and on February 21, 2014, Plaintiff filed a Reply.  On June 24, 2014, the parties orally argued the dispositive motion to the Magistrate Judge, who issued a Report and Recommendation on July 11, 2014.  On July 28, 2014, Plaintiff filed Objections to the Report and Recommendation and on August 14, 2014, Defendant filed a response to the Objections.

**B. Underlying Administrative Proceedings**

On April 20, 2012, the Medicare Appeals Council (MAC) issued a consolidated decision on multiple Administrative Law Judge (ALJ) decisions from August 13, 2010 and February 29, 2012.  (ROA 000667.) These decisions concerned coverage under the enrollees' various MA plans offered by Health Net (HN) for inpatient hospitalization services provided to the enrollees at University Physicians Health Care (UPH) from April 11, 2008 through May 4, 2011 pursuant to court ordered evaluations.

1  The ALJs issued respectively forty-one (41) fully-favorable decisions for
2  UPH and ten (10) favorable decisions for Health Net.  Each decision was
3  appealed.  Because the decisions all arose from the same determinative
4  facts and involved common legal issues, the parties asked the Medicare
5  Appeals Council (MAC) to review the ALJ's actions and issue a
6  consolidated decision. Generally, the MAC applied the provisions of 42
7  C.F.R. §405, subpart I, to resolve these appeals.  In a nutshell, the MAC
8  found that Health Net was required to pay for the inpatient hospital
9  services arising from the court ordered mental health evaluations (COEs)
10 in all of the appeals.   42 C.F.R. §411.8(b)(6).

11      "The council has reviewed the extensive memoranda and briefings in
12 this matter, from both UPH and Health Net.  The voluminous exhibits and
13 materials attached to the appellants' submissions to the Council are
14 duplicative of the documentation that was in the records before the ALJs.
15 After reviewing the appellants' legal arguments and submission, the
16 Council concludes that the dispositive issues in this case are (1)
17 whether Pima County is obligated to pay for the in patient
18 hospitalizations arising out of the COEs, thus implicating the provisions
19 of 42 C.F.R. 411.8(a), and, if so, (2) whether the exception for services
20 paid for by a government entity under 42 C.F.R. 411.8(b)(6) applies to
21 UPH." (000672)

22      On June 14, 2012, Health Net filed a written Request for Reopening
23 the Consolidated Decision of the MAC.  (000303.)  On December 18, 2012,
24 the MAC denied the request.  (000010).  The MAC initial decision treated
25 the four prongs under 411.8 as the first two had been conceded by all
26 parties and then focused on the third and fourth prong to reach its
27 decision.   Health Net asked to reopen the Consolidated Decision taking
28                                      3

the position that it had never conceded to the first two prongs of 411.8, Services Paid for by a Government Entity:

> a) Basic rule. Except as provided in paragraph (b) of this section, Medicare does not pay for services that are paid for directly or indirectly by a government entity.
>
> (b) Exceptions. Payment may be made for the following:
>
> * * *
>
> (6) Services furnished by a public or private health facility that--
>
>> (i) Is not a Federal provider or other facility operated by a Federal agency;
>>
>> (ii) Receives U.S. government funds under a Federal program that provides support to facilities that furnish health care services;
>>
>> (iii) Customarily seeks payment for services not covered under Medicare from all available sources, including private insurance and patients' cash resources; and
>>
>> (iv) Limits the amounts it collects or seeks to collect from a Medicare Part B beneficiary and others on the beneficiary's behalf to:
>>
>>> (A) Any unmet deductible applied to the charges related to the reasonable costs that the facility incurs in providing the covered services;
>>>
>>> (B) Twenty percent of the remainder of those charges;
>>>
>>> (C) The charges for noncovered services.

The MAC found no good cause to reopen the proceedings. 42 C.F.R. 405.980(e)(3), 405.986, Good Cause for Reopening:

> a) Establishing good cause. Good cause may be established when--
>
>  (1) There is new and material evidence that--
>
>> (i) Was not available or known at the time of the determination or decision; and
>>
>> (ii) May result in a different conclusion; or

4

> (2) The evidence that was considered in making the determination or decision clearly shows on its face that an obvious error was made at the time of the determination or decision.
>
> (b) Change in substantive law or interpretative policy. A change of legal interpretation or policy by CMS in a regulation, CMS ruling, or CMS general instruction, or a change in legal interpretation or policy by SSA in a regulation, SSA ruling, or SSA general instruction in entitlement appeals, whether made in response to judicial precedent or otherwise, is not a basis for reopening a determination or hearing decision under this section. This provision does not preclude contractors from conducting reopenings to effectuate coverage decisions issued under the authority granted by section 1869(f) of the Act.
>
> (c) Third party payer error. A request to reopen a claim based upon a third party payer's error in making a primary payment determination when Medicare processed the claim in accordance with the information in its system of records or on the claim form does not constitute good cause for reopening.

The parties stipulated and agreed that the MAC decision not to reopen is not subject to appeal or judicial review. *Palomar Med. Ctr. v. Sebelius*, 693 F.3d 1151 (9th Cir. 2012).

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

The Medicare Act provides for judicial review of a final decision made by the Secretary of Health and Human Services regarding amounts paid under Medicare. *See* 42 U.S.C. § 1395ff(b). The reviewing court may affirm, modify or reverse the final decision of the Secretary. *See* 42 U.S.C. § 405(g) (incorporated by reference in 42 U.S.C. § 1395ff(b)). However, the Secretary's decision will be disturbed only if it is not supported by substantial evidence on the record as a whole or if it is

5

based on legal error. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999). "If the evidence is susceptible to more than one rational interpretation," a reviewing court is not entitled to substitute its judgment for that of the agency. *See Bear Lake Watch, Inc. v. FERC,* 324 F.3d 1071, 1086 (9th Cir.2003). Substantial evidence is "more than a mere scintilla but less than a preponderance," *Tackett,* 180 F.3d at 1098, and it is "evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In making its determination on review, a court "must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Tackett,* 180 F.3d at 1098. An agency's action is presumed valid and the burden is on the party challenging the action to show that it is arbitrary and capricious. *Short Haul Survival Comm. v. United States,* 572 F.2d 240, 244 (9th Cir.1978).

**PLAINTIFF'S OBJECTIONS**

Plaintiff objects to all of the legal conclusions contained in the Report and Recommendation. Defendant objects that the Magistrate Judge's R&R: (1) disregarded the consolidation stipulation setting forth the procedures and added additional constraints on Health Net; (2) failed to recognize Health Net's due process rights; (3) erred in concluding Health Net was barred from raising a new issue at the Appeals Council level; (4) erroneously found waiver; and (5) erroneously found Health Net's prior concession was a judicial admission.  Defendant argues that this Court should reject the Magistrate Judge's R&R and grant Health Net's motion for summary judgment to remand the action to the Medicare Appeals Council.

Before addressing each objection in turn, this Court is compelled to reiterate that none of the objections addressed in the motion to reopen or the basis for the pending motion for summary judgment were before the ALJs or the MAC for the original consolidated decision. "The Council will limit its review of the ALJs' actions to the exceptions raised by the parties in the requests for review...." (Consolidated Decision at 668.) The parties agreed to a consolidation of all matters between Health Net and UPH arising out of the same set of facts, "as only a singular determination by the Council on these issues will be valuable to the parties at this juncture." (CD at 671.)

After conducting a de novo review of the record, this Court agrees with the Magistrate Judge's R&R that the issue concerning the second prong was never taken up with the MAC: "The appellants do not dispute the UPH satisfies the first two criteria..." (CD at 677; AR 34478.) Any changes made but not specifically addressed to the MAC by Health Net do not alter this conclusion. (R&R at 5 ¶¶8-20.) The April brief appears to be a last minute markedly different change in Health Net's long term concessions as to prong 2 that were never directly addressed to the MAC; in fact, just the opposite. In addition, the newly proffered evidence in support of its position was readily available to Health Net through the proceedings. "The MAC pointed out that HN's revised legal position was not that UPH received no federal funds, but that the sources of federal funds UPH received did not qualify as "Federal program[s] that [provide[] support to facilities that furnish health care services: within the meaning of the Test." (R&R at 6 ¶¶ 21-25.) The Plaintiff's entire basis for judicial review is that the MAC's Decision did not specifically address Health Net's position in its April Brief that UPH

failed to satisfy Prong 2. Plaintiff seeks summary judgment arguing that: "(1) The MAC violated HN's due process rights by ignoring an outcome-determinative procedural rule; (2) the MAC's decision was not based on substantial evidence; and (3) the MAC's decision was arbitrary and capricious." (R&R at 8-9.)  HN's failure to contest Prong 2 at the ALJ level is especially fatal in light of the regulation governing MAC review, which provides in pertinent part: "(1) ...the MAC limits its review of the evidence to the evidence contained in the record of the proceedings before the ALJ. However, if the hearing decision decides a new issue that the parties were not afforded an opportunity to address at the ALJ level, the MAC considers any evidence related to that issue that is submitted with the request for review. (2) If the MAC determines that additional evidence is needed to resolve the issues in the case and the hearing record indicates that the previous decision-makers have not attempted to obtain the evidence, the MAC may remand the case to an ALJ to obtain the evidence and issue a new decision." 42 C.F.R. § 405.1122(a)(1),(2).  (R&R at 10at ¶¶21-28.)

    At the ALJ level "UPH submitted materials stating that it received federal funds that satisfied Prong 2's requirements" (Response, p. 9) (citing DSOF, ¶29), and HN conceded the point. Given HN's concession at the ALJ level in every case including the cases at issue in the April Briefs that UPH met Prong 2, the ALJ did not decide an issue that the parties had not had an opportunity to address. HN had every opportunity to challenge Prong 2 before the ALJ, and HN chose not to do so. Thus, on this record, section 1122(a)(1) is clear that the MAC was limited to reviewing the evidence that was before the ALJ. (R&R at 11 ¶¶ 5-12.)  As the Secretary points out, "[t]he result was that the MAC had briefs from

Health Net that both explicitly conceded that Prong 2 was satisfied, and that denied the same proposition. Under the circumstances, the MAC was left to decide what Health Net's position actually was on Prong 2." (Response, pp. 10-11). The Secretary argues that in light of the fact that HN did not repudiate its earlier concession, "[e]ven if the MAC [in its Decisions] had noted Health Net's sudden attempted reversal, the existing record and the Department's regulations would have inevitably forced the same result." (*Id*. at p. 11). (R&R at 12 ¶¶18-24.)

Finally, this Court wholeheartedly agrees with the conclusion of the R&R:

> On the instant record, HN failed to properly raise its Prong 2 challenge during the administrative proceeding and, thus, is not entitled to remand in order to do so now.

R&R at 13 ¶¶ 6-7.)

**DISCUSSION**

**1. R&R disregarded the consolidation stipulation setting forth the procedures and added additional constraints on Health Net**

The objection is a mischaracterization of the R&R and the consolidation stipulation. If Plaintiff was serious about the Prong 2 issue, it should have notified the MAC of its change of position and explained the last minute drastic change of heart. Initially, the conversation was started, as follows:

> I invite you to a brief teleconference about the several matters pending before the Medicare Appeals Council involving requests for review of ALJ decisions regarding Medicare payment for court-ordered mental health evaluations in Pima County, Arizona. Specifically, in the interest of administrative economy, we seek to ensure that we have received and duly lodged all applicable submissions (requests for review, requests for briefing, requests to submit supplemental briefs, etc.), and that the Medicare Operations Division of the DAB (the staff support arm of the Council) responds to all outstanding requests. I trust that

>       with a few moments of your time we can streamline our
>       internal handling of these appeals and ensure thorough and
>       fair consideration of full, complete administrative records
>       in each case.

(47988)

The consolidation stipulation (AR 6449-6550) reads, in pertinent part:

>       1.The parties, through counsel, wish all written argument
>       to be considered as part of the Council's review in each
>       case, to the extent relevant. The parties agree,
>       essentially, that the issues before the Council in these
>       cases are, in the main, not beneficiary-specific and
>       therefore wish t heir respective arguments to apply to all
>       of the above-listed appeals even where not specifically
>       designated by MAC docket number on the face of the
>       memorandum. Arguments submitted by each party will be copied
>       to each appeal without further request of the
>       parties.
>
>       2. One or both of the parties had additional cases coming
>       through the 3'd level (AU level) of appeals and wished to
>       extend their arguments to those cases. In addition, one or
>       both parties desired to submit additional briefs/memoranda.
>       We agreed that Health Net would submit any additional
>       material and argument on or before September 23, 2011, and
>       that UPH would submit any replies on or before September 30,
>       2011. Both Health Net's and UPH's arguments will be included
>       in the recently submitted appeals of AU Engelman's September
>       1, 2011 decisions.
>
>       3. The parties agreed that all outstanding procedural
>       issues, including requests for hearing/oral argument before
>       the Council, are considered resolved. Any such requests not
>       already responded to via letter were addressed during our
>       teleconference. As a general practice, the Council does not
>       hold oral argument. However, the Council will address such
>       specific requests in writing. In addition, the parties have
>       sent waiver of liability notices to all beneficiaries,
>       eliminating the need to copy each beneficiary individually
>       on correspondence and on the Council's decisions.

[AR 6449-6550]

During a September 13, 2011 teleconference, attorneys from Health Net and UPH, and Christopher Randolph, Director of the Medicare Operations Division ("MOD") (which provides administrative and staff

10

support to the MAC), agreed that Health Net would file its final brief with the MAC by September 23, 2011, and UPH would file its final brief with the MAC by September 30, 2011; it was further agreed that those new briefs and the briefs that both parties had previously filed in COE matters then docketed with the MAC would be deemed cross-filed in each of the pending COE appeals(the Agreement).

The email listed the appeals docketed with the MAC at that time [AR 6449, Parts A.1-A.2], and referenced five additional appeals of ALJ decisions that had been received by the MAC but not yet docketed The email discussed that the parties "wish their arguments to apply to all of **the above-listed appeals** even where not specifically designated by MAC docket numbers on the face of the memorandum. Arguments submitted by each party will be copied to each appeal without further request of the parties." The next paragraph of the email stated that the parties also wished to have their arguments in the above-listed cases apply to "additional cases coming through the 3rd level (ALJ level) of appeals" and that "one or both parties desired to submit additional briefs/memoranda." The paragraph concluded: "We agreed that Health Net would submit any additional material and argument on or before September 23, 2011, and that UPH would submit any replies on or before September 30, 2011. . . ." The Agreement did not state that any Health Net brief filed after September 23, 2011 would automatically be cross-filed in any other COE cases that might be docketed for appeal before the MAC. [*Id*.] In Part C of the email, the MOD Director noted that the MAC had since received Health Net's brief of September 23, 2011. [AR 6550, Part C.1] This brief was entitled "Health Net of Arizona, Inc.'s Final Brief to be Filed With All Medicare Appeals Council Dockets Pertaining to UPH v.

11

Health Net: M-11-704, M-11-1371, M-11-0060, M-11-805, M-11-1882, M-11-2017, M-11-225[sic], M-11-2387 and the To Be Assigned MAC Docket Number for ALJ Appeal Nos. 1-775058920, 1-775059778, 1-775080392, 1- 775079914 and 1-775074356." [AR 690 (emphasis added).] This list of docket numbers corresponded to the list of specifically-identified docket numbers set forth in the November 10, 2011 email. [AR 6449-6550]

Finally, the merger cases are not relevant to this analysis.

**2. R&R failed to recognize Health Net's due process rights**

Section 405(b) of Title 42 of the United States Code provides litigants before an ALJ a right to "notice and opportunity for a hearing." 42 U.S.C. § 405(b). Due process requires that a claimant receive meaningful notice and an opportunity to be heard. *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001). *Accardi v. Shaughnessy*, 347 U.S. 260 (1954) does not apply here. The Court finds no due process violation. By the same token, the decision was not arbitrary, but well reasoned and supported by substantial evidence in the record. *Tackett*, 180 F.3d at 1097.

**3. R&R erred in concluding Health Net was barred from raising a new issue at the Appeals Council level**

Again, this objection is a mischaracterization of the R&R, as well as the facts. Health Net submitted no new or additional evidence to the MAC. 42 CFR §405.1122(a)(1) The Court agrees with the R&R analysis, as follows:

> The Secretary points out that HN "repeatedly conceded and never once challenged, UPH's claim at the ALJ level that UPH satisfied the first two prongs of the Test", and by doing so, HN removed the issue from contention before the ALJ. (Response, p. 7). Thus, according to the Secretary, HN's position in the April Brief that no evidence had been presented on Prong 2 "was specious in the extreme because the very reason there was no evidence–beyond UPH's prior

12

> submissions and Health Net's concessions-was that Health Net had never put the question at issue, and had always conceded that UPH met Prong 2. Health Net's acceptance of UPH's position meant that there was never any reason or requirement for UPH to further establish that it met Prong 2.

(Response, p. 10). The Secretary further points out that although HN raised the Prong 2 issue in the April Brief, HN did not withdraw or repudiate its prior statements, including statements in other briefs pending before the MAC, conceding that UPH satisfied Prong 2. (*Id.*)."(Doc. 49 at 9.)

There was no categorical ban on raising issues for the first time in MAC appeals. The R&R correctly concluded that Health Net was required to raise its Prong 2 objections at the appropriate time and manner prescribed by the Department. See *Woodford v. Ngo*, 548 U.S. 81- 90-91.

**4. R&R erroneously found waiver**

The Court finds substantial evidence to support the conclusion that Plaintiff waived the argument with reference to Prong 2. Cases cited by Plaintiff are not persuasive otherwise, as resolved by both the R&R and the response to the Objections. (Doc. 51 at 4-5.) The Magistrate Judge properly applied *Mills v. Apfel*, 244 F.3d 1. (Doc. 49 at 10.)

**5. R&R erroneously found Health Net's prior concession was a judicial admission**

This is a mischaracterization of the R&R. The R&R correctly analyzed and applied *Christian Legal Soc. Chapter of the Univ. of Calif. v. Martinez,* 561 U.S. 661 (2010) with reference to judicial admissions, as follows:

> It has been long-recognized that "'[t]he power of the court to act in the disposition of a trial upon facts conceded by counsel is as plain as its power to act upon the evidence produced.'" *Christian Legal Soc. Chapter of the Univ. of Calif. v. Martinez,* __ U.S. __, 130 S.Ct. 2971, 2983 (2010)

13

>   (quoting *Oscanyan v. Arms Co.,* 103 U.S. 261, 263 (1881));
>   *see also Trinidad y Garcia v. Thomas,* 683 F.3d. 952, 982
>   (9th Cir. 2012) (concessions "have the effect of withdrawing
>   a fact from issue and dispensing wholly with the need for
>   further proof."). This is especially so to prevent parties
>   from "maintain[ing] a contention contrary to the agreed
>   statement,...or to suggest, on appeal that the facts were
>   other than as stipulated or that any material fact was
>   omitted.'" *Christian Legal Soc*., __ U.S. __, 130 S.Ct. at
>   2983 (quoting 83 C.J.S., Stipulations § 93 (2000)). On this
>   record, HN is bound by its concession at the ALJ level. *See
>   Christian Legal Soc.,* __ U.S. __, 130 S.Ct. at 2983
>   (rejecting party's "unseemly attempt to escape from the
>   stipulation and shift its target....").

(Doc. 49 at 9-10.)

The Magistrate Judge properly held that Plaintiff was bound by its repeated Prong 2 concessions.

**CONCLUSION**

The R&R concluded that "HN failed to properly raise its Prong 2 challenge during the administrative proceeding and, thus is not entitled to remand in order to do so now." (R&R at 13.) This Court agrees. Plaintiff has failed to establish that the Secretary's challenged determinations were not supported by substantial evidence or were wrong as a matter of law.

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 49) in its entirety. The Objections (Doc. 50) raised by the Plaintiff are **OVERRULED**.

//

//

//

//

14

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 41) is **DENIED**. The MAC decision, "the MAO Health Net, is required to pay for the covered inpatient hospitalization services arising from COEs for the enrollees listed in the Master List of Consolidated Appeals," rendered April 20, 2012 is **AFFIRMED**. This action is terminated.

DATED this 9th day of February, 2015.

David C. Bury
United States District Judge

15